UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
EDDIE HOOVER,                                            Case No. 21 CV 2484
                            Plaintiff,                   (LDH) (SJB)

        -against-                                        **AMENDED COMPLAINT**

THE CITY OF NEW YORK, P.O. JUAN                          JURY DEMAND
A. MORALES [SHIELD #7010], P.O. LEO
J. BONACASA [SHIELD #12994], P.O.
ANTHONY BOMPAROLA [SHIELD #15054],
P.O. JONATHAN DIAS [SHIELD #15724],
JOHN DOE and JANE DOE #1-15 (the names
John and Jane Doe being fictitious, as the
true names are presently unknown),
                            Defendants.
----------------------------------------------------------------------X

Plaintiff, Eddie Hoover, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Juan A. Morales [Shield #7010], P.O. Leo J. Bonacasa [Shield #12994], P.O. Anthony Bomparola [Shield #15054], P.O. Jonathan Dias [Shield #15724], and John Doe and Jane Doe #1-15 (collectively, "Defendants"), respectfully alleges as follows:

NATURE OF THE ACTION

1.      This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

3.      As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

4.      Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5.      Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6.      The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

7.      Defendant P.O. Juan A. Morales [Shield #7010] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

8.      Defendant P.O. Leo J. Bonacasa [Shield #12994] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

9.      Defendant P.O. Anthony Bomparola [Shield #15054], was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

10.     Defendant P.O. Jonathan Dias [Shield #15724], was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

11.     Defendants John Doe and Jane Doe #1-15 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

12.     Defendants Morales, Bonacasa, Bomparola, Dias, and John Doe and Jane Doe are collectively referred to herein as "Morales defendants".

13.     Defendants Bomparola, and John Doe and Jane Doe are collectively referred to herein as "Bomparola defendants".

14.     Defendants Dias, and John Doe and Jane Doe are collectively referred to herein as "Dias defendants".

15.     Morales defendants, Bomparola defendants, Dias defendants, and John Doe and Jane Doe #1-15 are collectively referred to herein as "defendant officers".

16.     At all times material to this Complaint, the defendant officers acted towards plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

<u>FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

The September 3, 2019, Incident

17.     On September 3, 2019, at approximately 4:00 p.m., Morales defendants, acting in concert, arrested plaintiff without cause at the Kings County Hospital Center which is located at 451 Clarkson Avenue, Brooklyn, New York, and charged plaintiff with various crimes including N.Y. PL 120.25 'Reckless endangerment in the first degree'.

18.     Plaintiff, however, did not engage in any reckless conduct, and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

19.     Prior to the arrest, the plaintiff had sustained life threatening injuries from an incident which occurred earlier the same day, and was admitted at the hospital's intensive care unit as an unknown 40-year old man.

20.     As the plaintiff remained unconscious and in a critical condition, Morales defendants suddenly appeared at the hospital and immediately proceeded to tightly handcuff and shackle the plaintiff despite his serious medical conditions.

21.     Morales defendants continued to detain the plaintiff with the handcuffs and leg shackles for a lengthy period of time thereafter.

22.     Eventually, the plaintiff's family and friends filed a complaint with Morales defendants requesting them to investigate the incident and the plaintiff's injuries.

23.     At some point following his arrest, Morales defendants met with prosecutors employed by the Kings County District Attorney's Office.

24.     During this meeting, Morales defendants stated to the prosecutors, among other things, that the plaintiff committed the charged crime/offense(s), and later forwarded to the prosecutors their police records and reports.

25.     Relying upon the police records, reports and statements, the prosecutors initiated criminal actions against the plaintiff.

26.     The prosecutors subsequently conducted an independent investigation and concluded that there was no evidence of any crime committed by the plaintiff.

27.     As a result, the prosecutors declined to prosecute the plaintiff.

28.     After detaining the plaintiff for a lengthy period of time, Morales defendants summarily released the plaintiff from his unlawful detention.

29.     On numerous occasions since his release, the plaintiff has requested a report of the investigations conducted by defendants concerning his aforementioned complaint.

30.     Upon information and belief, defendants failed to conduct any investigations concerning the plaintiff's complaint.

The January 3, 2020, Incident

31.     On January 3, 2020, at approximately 9:30 p.m., Bomparola defendants, acting in concert, arrested plaintiff without cause at or within the vicinity of 380 Lexington Avenue, Brooklyn, New York, and, upon information and belief, charged plaintiff with various crimes including N.Y. PL 240.20 'Disorderly conduct'.

32.     Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

33.     Prior to the arrest, plaintiff had been out socializing with his brother, Deontay, his cousin, Jayshawn, and two of his friends, Destiny, and Jatia Flowers.

34.      They were at the time riding in Jayshawn's rental car with Destiny, Jatia, and the plaintiff seated in the backseat of the car, while Deontay sat in the front passenger's seat.

35.      After parking the car at the aforesaid address/arrest location, Jayshawn and Deontay briefly left the car and went inside the premises located therein.

36.      After a brief moment, Jayshawn and Deontay returned back to the car.

37.      Immediately thereafter, Bomparola defendants pulled over in their unmarked police vehicles.

38.      Bomparola defendants then approached the car and ordered the plaintiff and the other occupants out of the car.

39.      Bomparola defendants proceeded to forcibly grab the plaintiff and tightly handcuff him with his hands placed behind his back.

40.      Bomparola defendants then subjected the plaintiff to an illegal search.

41.      Bomparola defendants also proceeded to perform an illegal and unauthorized search of the car.

42.      At all times material to this Complaint, no contraband was located in plain view and no contraband was located in any area where it could be argued that the plaintiff saw such contraband, had regular access to such area and/or exercised dominion and control over the area.

43.      Bomparola defendants did not recover any contraband from their unlawful search of the plaintiff and/or the car.

44.      Notwithstanding the above, Bomparola defendants eventually pushed the plaintiff into their police vehicle and transported the plaintiff to the precinct for arrest processing.

45.      Plaintiff repeatedly inquired as to the reason for his arrest.

46.      Bomparola defendants ignored the plaintiff's inquiries.

47.      While at the precinct, Bomparola defendants further subjected the plaintiff to an illegal and unlawful search.

48.      Bomparola defendants did not recover any contraband from their unlawful search of the plaintiff.

49.     After detaining the plaintiff at the precinct for a lengthy period of time, Bomparola defendants caused a legal process to issue against the plaintiff requiring the plaintiff to appear in court to defend the false charge(s) levied against him by defendants.

50.     Plaintiff subsequently appeared in the criminal court as he was directed but was advised that the prosecutors had declined to prosecute him.

51.     Upon information and belief, Jayshawn recorded some portion of this arrest/incident on his cell phone.

52.     Bomparola defendants subsequently seized Jayshawn's cell phone and deleted the video recording from his cell phone.

The August 26, 2020, Incident

53.     On August 26, 2020, at approximately 9:30 p.m., Dias defendants, acting in concert, arrested plaintiff without cause on Gates Avenue, Brooklyn, New York, and charged plaintiff with various crimes.

54.     Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

55.     Prior to the arrest, plaintiff was returning home after visiting with his girlfriend at 499 Gates Avenue, Brooklyn, New York.

56.     As plaintiff was making his way home, he was bum rushed by Dias defendants.

57.     Dias defendants proceeded to forcibly grab the plaintiff and tightly handcuffed him with his hands placed behind his back causing the plaintiff to sustain cuts and bruises on his wrists and arms.

58.     Plaintiff enquired as to the reason for the arrest.

59.     Dias defendants ignored the plaintiff's inquiries.

60.     Plaintiff complained that the handcuffs were too tight and were causing him to experience pain and numbness.

61.     Plaintiff pleaded with Dias defendants to remove or loosen the handcuffs.

62. Dias defendants ignored the plaintiff's entreaties to remove or loosen the handcuffs.

63. Dias defendants subjected the plaintiff to an illegal search.

64. Dias defendants' illegal search of the plaintiff did not yield any contraband.

65. Notwithstanding, Dias defendants forcibly placed the plaintiff inside their police vehicle and transported the plaintiff to NYPD-79th Precinct.

66. While at the precinct, Dias defendants subjected the plaintiff to an illegal and unlawful search.

67. Dias defendants' illegal search of the plaintiff did not yield any contraband.

68. Dias defendants interrogated the plaintiff at the precinct for a lengthy period of time asking him questions about guns and gangs.

69. Dias defendants threatened the plaintiff with physical and/or bodily harm on multiple occasions.

70. Plaintiff was caused to fear for his life and safety.

71. Because of his injuries, plaintiff requested to be transported to the hospital for medical treatment and care.

72. Dias defendants refused the plaintiff's entreaties.

73. After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to Central Booking to await arraignment.

74. Eventually, plaintiff was transported to hospital.

75. At some point following his arrest, Dias defendants met with prosecutors employed by the Kings County District Attorney's Office.

76. During this meeting, Dias defendants stated to the prosecutors, among other things, that the plaintiff committed the charged crime/offense(s), and later forwarded to the prosecutors their police records and reports.

77. Relying upon the police records, reports and statements, the prosecutors initiated criminal actions against the plaintiff.

78. On or about August 28, 2020, the plaintiff was arraigned on a criminal court complaint sworn to by Dias defendants falsely charging the plaintiff with various crimes including N.Y. PL 265.09(1)(a) 'Criminal use of a firearm in the first degree', N.Y. PL 265.08(1) 'Criminal use of a firearm in the second

degree', PL 265.03(1)(b) 'Criminal possession of a weapon in the second degree', PL 265.03(3) 'Criminal possession of a weapon in the second degree', N.Y. PL 110/120.10(1) 'Attempted Assault in the first degree', N.Y. PL 265.02(1) 'Criminal possession of a weapon in the third degree', N.Y. PL 120.05(2) 'Assault in the second degree', N.Y. PL 120.25 'Reckless endangerment in the first degree', N.Y. PL 265.1-b(1) 'Criminal possession of a firearm', N.Y. PL 120.00(1) 'Assault in the third degree', and N.Y. PL 120.20 'Reckless endangerment in the second degree'.

79.     Bail was set in the amount of $75,000 to secure the plaintiff's release.

80.     Because plaintiff could not make bail, plaintiff was transported to Manhattan Detention Complex, and was incarcerated at said facility for several days thereafter.

81.     On or about September 1, 2020, the plaintiff appeared before the criminal court and was released on his own recognizance but was required to return to the criminal court to defend the false charges levied against him.

82.     Plaintiff subsequently appeared before the criminal court on multiple occasions to defend the false charges levied against him.

83.     In or about January 2021, the false charges levied against plaintiff were summarily dismissed by the prosecutors because of the lack of evidence.

Various other arrests by defendant officers assigned to NYPD-79th Precinct

84.     Upon information and belief, many police officers assigned to NYPD-79th Precinct, which covers the plaintiff's neighborhood, are familiar with the plaintiff and his friends and family.

85.     Defendant officers would often stop, frisk, and detain the plaintiff and his friends and family whenever they run into them, and would threaten and/or call out the plaintiff and his friends and family by name on the rare occasions when they do not stop or detain them.

86.     On May 8, 2019, July 1, 2019, August 28, 2019, and on various other dates, some of which were captured on video, defendant officers unlawfully

stopped, frisked, detained, and/or arrested the plaintiff and his friends and family at various locations within the confines of NYPD-79th Precinct.

87. Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

88. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

89. As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

90. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 89 of this complaint as though fully set forth herein.

91. Defendant officers arrested the plaintiff without probable cause or reasonable grounds.

92. The conduct of defendant officers, as described herein, amounted to false arrest.

93. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

94. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>SECOND CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers</u>

95.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 94 of this complaint as though fully set forth herein.

96.     Defendant officers forwarded to the prosecutors their falsified records and statements.

97.     Relying upon the records and statements, the prosecutors initiated criminal actions against the plaintiff.

98.     Plaintiff was arraigned on a criminal court complaint sworn to by defendant officers falsely charging the plaintiff with crime(s).

99.     Plaintiff was required to, and did, appear in court to defend himself from the false charge(s) levied against him with malice by defendants.

100.     Because of the conduct of the defendants, plaintiff was maliciously prosecuted.

101.     Eventually, the criminal proceedings terminated in plaintiff's favor.

102.     The conduct of defendant officers, as described herein, amounted to malicious prosecution.

103.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

104.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>THIRD CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against defendant officers</u>

105.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 104 of this complaint as though fully set forth herein.

106.     Defendant officers manufactured evidence of criminality against the plaintiff likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against the plaintiff.

107.    The plaintiff was deprived of his liberty as a result.

108.    The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

109.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

110.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## FOURTH CAUSE OF ACTION: UNLAWFUL STOP AND FRISK AND UNREASONABLE SEARCH & SEIZURE - against defendant officers

111.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 110 of this complaint as though fully set forth herein.

112.    Defendant officers unlawfully stopped and subjected the plaintiff to an illegal search of his person and property.

113.    The conduct of defendant officers, as described herein, amounted to unlawful stop and frisk and unreasonable searches and seizures.

114.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

115.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## FIFTH CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

116.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 115 of this complaint as though fully set forth herein.

117.    The conduct of defendant officers, as described herein, amounted to excessive use of force.

118.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

119.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: DELIBERATE INDIFFERENCE - against defendant officers

120.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 119 of this complaint as though fully set forth herein.

121.    Defendant officers denied plaintiff treatment needed to remedy his serious medical conditions and did so because of their deliberate indifference to plaintiff's need for medical treatment and care.

122.    Such conduct described herein violated plaintiff's due process rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

123.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: UNLAWFUL ENTRY - against defendant officers

124.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 123 of this complaint as though fully set forth herein.

125.    The conduct of defendant officers, as described herein, amounted to unlawful entry.

126.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

127.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: DENIAL OF RIGHT TO EQUAL PROTECTION - against defendant officers

128.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 127 of this complaint as though fully set forth herein.

129.     Defendant officers routinely harass the plaintiff and his friends and family, and have refused to conduct any investigations concerning the plaintiff's complaints simply because he is a member of a racial/ethnic minority group.

130.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

131.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

132.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 131 of this complaint as though fully set forth herein.

133.     That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

134.     Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

135.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

136.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TENTH CAUSE OF ACTION: CONSPIRACY - against defendant officers

137.　　By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 136 of this complaint as though fully set forth herein.

138.　　In an effort to find fault to use against the plaintiff who is an African American, defendant officers met with themselves and with several other individuals on numerous occasions (including, but not limited to, the dates of arrest) and agreed to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

139.　　Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

140.　　Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

ELEVENTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

141.　　By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 140 of this complaint as though fully set forth herein.

142.　　Defendant City of New York, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest. In addition, defendant City had actual and/or de facto policies, practices, customs and/or usages of failing to

properly screen its prospective police officers for mental fitness, history of misconduct, good moral character and propensity for violence.

143.     Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff on the pretext that they were involved in robbery, narcotics, drugs, guns and/or other crimes.

144.     Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

145.     For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), this Court observed that the City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

146.     In *Ligon v. City of New York*, 925 F. Supp. 2d 478, 485-86 (S.D.N.Y. 2013), the Court observed that the City of New York, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

147.     Notably, numerous civil rights complaints filed in this district have similarly alleged that police officers in those cases, including the defendant officers, routinely harass individuals who are members of various racial/ethnic minority groups and have refused to conduct any investigations concerning their complaints simply because of their membership of the racial/ethnic minority groups. *See, e.g.*, *Shaheim Rogers v. City of New York* (19 CV 3360); *Sianna Stewart v. City of New York* (18 CV 4841).

148.     Defendant City has settled numerous lawsuits in this district against several police officers assigned to the NYPD alleging, among other things, that the police officers falsely arrested the plaintiffs without probable cause. *See, e.g.*, *Trevonne King v. City of New York* (19 CV 3361); *Mondaray Whitaker v. City of New York* (18 CV 6897); *Warren Monk v. City of New York* (18 CV

6458); *Justin Baker v. City of New York* (17 CV 4493); *Tony Holley v. City of New York* (17 CV 278); *Eric Davis v. City of New York* (16 CV 385); *Jimmy Wilson v. City of New York* (15 CV 6326); *Donnell Jackson v. City of New York* (15 CV 4109); *Crystal Whitfield v. City of New York* (14 CV 6085).

149.     Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police officers routinely arrest innocent citizens without probable cause.

150.     As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiff.

151.     Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

152.     The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

153.     By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

154.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 153 of this complaint as though fully set forth herein.

155.    By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

156.    In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

157.    The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

158.    Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

## THIRTEENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

159.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 158 of this complaint as though fully set forth herein.

160.    The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

161.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## FOURTEENTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

162.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 161 of this complaint as though fully set forth herein.

163.    The conduct of defendant officers, as described herein, amounted to malicious prosecution.

164.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## FIFTEENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

165.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 164 of this complaint as though fully set forth herein.

166.    By reason of and as a consequence of the conduct of defendant officers, plaintiff sustained bodily injuries with the accompanying pain.

167.    The conduct of the defendants, as described herein, amounted to assault and battery.

168.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTEENTH CAUSE OF ACTION: TORTS (TRESPASS) - against defendants

169.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 168 of this complaint as though fully set forth herein.

170.     Defendants unlawfully entered into plaintiff's premises.

171.     Defendants performed an unlawful search of the premises, and subjected plaintiff to an unreasonable search and seizure.

172.     The conduct of defendants, as described herein, amounted to trespass.

173.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

174.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 173 of this complaint as though fully set forth herein.

175.     The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

176.     Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

177.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

178.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 177 of this complaint as though fully set forth herein.

179.     Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers, concerning correct

practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

180.     Upon information and belief, defendant City failed to properly screen, hire and/or retain the defendant officers.

181.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

182.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

183.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

184.     Upon information and belief, defendant City's negligence in screening, hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a.     For compensatory damages against all defendants in an amount to be proven at trial;

b.     For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.     For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d.     For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
      August 27, 2021

UGO UZOH, P.C.

*Ugochukwu Uzoh*

By:   Ugochukwu Uzoh
      Attorney for the Plaintiff
      56 Willoughby Street, Third Floor
      Brooklyn, N.Y. 11201
      Tel. No: (718) 874-6045
      Fax No: (718) 576-2685
      Email: u.ugochukwu@yahoo.com